# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

GRANT VENEY LEE,
　　　　　*Defendant-Appellant.*

No. 03-6321

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonard D. Wexler, Senior District Judge, sitting by designation.
(CR-99-43)

Argued: October 29, 2003

Decided: November 24, 2003

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Anita Barondes, SEYFARTH SHAW, Washington, D.C., for Appellant. Patricia Marie Haynes, Assistant United States Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** Michael B. Hubbard, Russell H. Gore, David M. Burns, SEYFARTH SHAW, Washington, D.C., for Appellant. Paul J. McNulty, United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Grant Lee appeals the district court's denial of his motion for a new trial under Federal Rule of Criminal Procedure 33. Lee claims to possess newly discovered evidence that proves his innocence and entitles him to another trial. We disagree and affirm.

I.

In 1999, Lee was convicted of sexually assaulting Jane Doe, a mentally disabled woman with cerebral palsy.[1] At the trial, Lee "admitted that he tried to grope [Doe] and that he touched her breasts, 'butt,' and vaginal area," but denied that he had intercourse with Doe. (Dist. Ct. Op. at 3.) Doe testified that Lee had forcibly raped her, and that Lee hurt her "a whole lot." (J.A. at 63.) An emergency room physician who had examined Doe after the incident testified that Doe had vaginal injuries that resulted from "a rapid, violent stretching" and that the vaginal mucosa had "been torn or stretched to the point where the . . . surface tissue started to separate." (J.A. at 52, 64-65). Lee's attorney never asked the physician the condition of Doe's hymen. Two years after the sexual assault, Doe sought medical attention for a heavy menstrual flow. The doctor who examined Doe noted in his medical report that her hymen was intact. Lee became aware of the report and filed a motion for a new trial, which the district court denied.

---

[1]Lee was convicted of violating 18 U.S.C.A. § 2241(a) (West 2000), which prohibits using force to cause another to engage in a "sexual act" within the territorial jurisdiction of the United States. According to 18 U.S.C.A. § 2246(2)(A) (West 2000), "the term 'sexual act' means . . . contact between the penis and the vulva, . . . [which] occurs upon penetration, however, slight."

## II.

We review the denial of a Rule 33 motion for new trial for abuse of discretion. *United States v. Adam*, 70 F.3d 776, 779 (4th Cir. 1995). In order for a district court to grant a convicted criminal defendant a new trial on the basis of newly discovered evidence, it must determine whether:

> (1) the evidence relied on is, "in fact, newly discovered"; (2) there are facts "alleged from which the court may infer due diligence on the part of the movant"; (3) "the evidence relied upon [is] not merely cumulative or impeaching"; (4) "the evidence [is] material to the issues involved"; and (5) the evidence is of such a nature that it would "probably result in [an] acquittal at a new trial."

*United States v. Lofton*, 233 F.3d 313, 318 (4th Cir. 2000) (quoting *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989)). "Unless the answer to each of these inquiries is affirmative, a new trial is not appropriate." *Chavis*, 880 F.2d at 793.

In this case, the district court concluded that Lee did not exercise due diligence and thus did not satisfy the *Chavis* requirements. We agree. Lee never inquired into the condition of Doe's hymen during the long course of the criminal proceedings against him.[2] To counter his neglect, Lee points out that he had reason to believe that Doe's hymen was not intact in 1998, as he was prepared to produce a witness who claimed to have had sex with Doe on multiple occasions. Due diligence required more than mere speculation on Lee's part, however — it required investigation.[3] Because, at the very least, Lee

---

[2]Lee was tried twice, the first trial ending in a mistrial. Lee did not inquire into the condition of Doe's hymen during either proceeding.

[3]The government avers that it is probable that Doe's hymen healed after the attack and was "intact" in 2000, but not in 1998. The prosecution's expert, Dr. Berryman, stated that, "an 'intact hymen' in November 2000 says nothing about the condition of [Doe's] hymen in 1998," and that he "would expect that, without further sexual intercourse, the hymen would have healed." (J.A. at 104). Dr. Berryman also concluded that in order for Dr. Halliday, the emergency room physician, to make the observances that he did, Doe's hymen must *not* have been intact at the time of his examination in 1998. (J.A. at 105).

could have inquired as to the condition of Doe's hymen by the time of his second trial, the district court did not abuse its discretion in finding that Lee had not been duly diligent.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

*AFFIRMED*